[Sac. No. 2281. Department Two.—March 8, 1916.]

SIMON BARANDUN and GEORGE ROSTETTER, Respondents, v. BARANDUN MINING AND MILLING COMPANY (a Corporation), Appellant.

VENDOR AND VENDEE—CONSTRUCTION OF CONTRACT FOR SALE OF MINING PROPERTY—COVENANT FOR DEVELOPMENT WORK AND INSTALLATION OF IMPROVEMENTS.—The contract for the sale of certain mining property, to avoid which this action was brought, after providing that deferred payments of the purchase price should be made out of the gross output of the mine, contained covenants on the part of the vendee to fit up the mill with described machinery, and to continue development work on the property at such rate as to keep the mill in operation, provided said vendee with due diligence should find ores sufficiently valuable, and should not be prevented from such work by unavoidable accident. This was immediately followed by a covenant reciting that "abandonment of work for a period of six months at any one time except as above," should operate to forfeit the vendee's rights. It was also agreed that the property should be kept free from debts and liens on account of the development or other work done by the vendee, and that the vendee should make a report of its gross earnings to the vendors four times a year. *Held,* that the contract, read as a whole, justified the construction that development work was to be commenced by the vendee from the time it took possession, or at least very promptly following that event, and that the evidence supported a finding that such work had not been done by the vendee as agreed, and that it had also failed to place upon the property the promised improvements.

ID.—PLEADING—CONTRACT SET UP IN ANSWER—ALLEGATION OF FULL
PERFORMANCE—COVENANT NOT ALLEGED IN COMPLAINT.—Where the
defendant in its answer set out the contract and alleged compli-
ance with it in all particulars, the plaintiffs, under the issue of
full performance thus tendered by the defendant and presumed to
be denied, were entitled to offer evidence of a breach of a covenant
not specifically alleged in the complaint.

ID.—EVIDENCE—LETTERS SHOWING DILIGENCE OF VENDEE.—Certain
letters written to one of the vendors by the manufacturer of certain
machinery intended for the mine and ordered by the vendee, were
properly admitted in evidence for the limited purpose of showing
diligence or lack of it on the part of the vendee.

APPEAL from a judgment of the Superior Court of Siski-
you County, and from an order refusing a new trial. James
F. Lodge, Judge.

The facts are stated in the opinion of the court.

B. K. Collier, and C. A. Sheppard, for Appellant.

Taylor & Tebbe, for Respondent.

MELVIN, J.—Plaintiffs brought suit to quiet their title to
certain real property and to have a certain contract between
plaintiffs and defendant declared void. Judgment was given
in favor of plaintiffs. Defendant appeals therefrom, and
also from an order denying its motion for a new trial.

There is no denial by defendant that the record title to the
land is in plaintiffs. The contract between the parties to this
suit was one with reference to the property, and it recited that
a deed of conveyance had been executed by plaintiffs and
placed in escrow, there to remain until the sum of thirty
thousand dollars should be paid as set out in the agreement.
This deed by its terms conveyed one hundred and sixty-five
acres of land in Siskiyou County to defendant. Upon the
property was the "Little Maggie Quartz Mine." The pur-
chase price was to be paid as follows: One thousand two
hundred dollars on the execution of the contract, eight hun-
dred dollars in sixty days, and the balance out of twenty per
cent of the gross output of the mine. Payment was to be
made in five years, unless the veins and values of ore should
not continue in depth, in which event defendant was to be
allowed two years longer to complete the payment of the pur-

chase price. There were certain important covenants, one
to the effect that the Barandun Mining and Milling Company
would "fit up the mill with ore bins, rock brakes and a com-
plete set of Rossman's Gold Cleaning Machinery," and would
continue development work on the property at such rate as
to keep the mill in operation provided the corporation, with
due diligence, should find ores sufficiently valuable, and pro-
vided it should not be prevented from such work by unavoid-
able accidents. This was immediately followed by a covenant
reciting that "abandonment of work for a period of six months
at any one time, *except as above,* on said property" should
operate as a forfeiture of the company's rights. (The italics
are not in the original contract.) It was agreed that the
property should be kept free from debts and liens on account
of any development or other work done by the mining com-
pany or its agent. The agreement also required the com-
pany to make a report of its gross earnings to Barandun and
Rostetter four times a year. This agreement was executed
November 14, 1911.

The court found, among other things, that defendant failed
to perform work and labor on the property as agreed under
the contract; that it neglected to place upon the land the im-
provements provided by the covenants of the agreement; that
contrary to the contract the corporation permitted debts to
accumulate against the property and attachments to be levied
thereon; and that for more than a year defendant did not do
any work or labor of any sort upon the land or any portion
of it.

The appellant attacks the finding that it covenanted to
begin development work immediately after the execution of
the contract. It is the contention of defendant that the agree-
ment was merely to do sufficient development work to keep the
mill in operation. Reading the contract as a whole, however,
the court was justified in the conclusion that the parties to it
contemplated development work from the time defendant took
possession of the property, or at least very promptly following
that event, because there were to be reports regarding the gross
earnings every three months.

Defendant also says that the evidence does not support the
finding that no work or labor was performed in the develop-
ment of the mine, and that the mining company neglected to
place upon the property the promised improvements specified

in the contract.  It is contended that the mill was first to be fitted with a complete set of Rossman's gold-cleaning machinery before any development need be done, and that this machinery was ready for shipment when the lawsuit was commenced.  The action was instituted about a year after the contract was signed.  At that time no machinery was in place, and even if it be conceded that the "development" was to follow the institution of Rossman's appliances, the failure to install said machinery, and to have it at work upon the newly-developed ore within six months was a violation of the contract.  The contention that the words "except as above" in the covenant relating to the results of abandonment of work for six months, had reference to an absence of the Rossman machinery is without merit.  The covenant does not mean that abandonment of work for six months will cause a forfeiture unless the delay shall be due to the absence of Rossman's machinery.  It means that, "unless prevented by unavoidable accidents" the corporation will have no valid excuse for neglecting the work for half a year.  The finding was amply supported because it was shown that while certain timber cutting had been done and other work had been accomplished upon the water system to be used at the mine, the promised machinery was not in place, and no ore had at any time been produced from the mine by the defendant.  It was in evidence that all work of every sort ceased in December, 1911.

Certain evidence was introduced for the purpose of showing that defendant had violated the covenant to keep the property free from debt.  Counsel for appellant say that this matter was not put in issue by the pleadings, and that therefore the evidence was improperly admitted.  In the answer defendant set out the contract and alleged compliance with it in all particulars.  The evidence to which objection is now made was clearly responsive to the issue of full performance tendered by defendant and presumed to be denied by plaintiffs.

Appellant objected to the admission in evidence of certain letters written by Rossman to one of the plaintiffs.  These letters had reference to the machinery invented by Mr. Rossman and intended for the mine.  Appellant's principal contention was that at all times it was diligently preparing to install this machinery, and that Mr. Rossman had accepted its orders

calling for prompt action in that behalf. The court admitted the letters for the limited purpose of showing diligence or lack of it on the part of the Barandun Mining and Milling Company. For that purpose they were admissible.

Appellant's whole defense was based upon the assertion that due .diligence had been practiced by it, and that it had not been granted a reasonable time for the installation of the new machinery. The things done and omitted by the parties to the agreement were such that we cannot say that the trial court was not justified in deciding that appellant was in default when the suit was instituted.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.